IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA, §
§
               Plaintiff, §
§ Criminal No. 3:12-CR-318-D(1)
VS. §
§
EDMOND CHARLES BURKE, §
§
               Defendant. §

MEMORANDUM OPINION
AND ORDER

Defendant Edmond Charles Burke ("Burke") has filed several pretrial motions that the court decides by this memorandum opinion and order.[1]

I

*Motion for Relief from Misjoinder Pursuant to Rule 8
and Prejudicial Joinder Pursuant to Rule 14*

The court first considers Burke's motion for relief from misjoinder pursuant to Rule 8 and prejudicial joinder pursuant to Rule 14.

A

Burke moves the court to sever his trial from that of codefendant Courtney Darell Lister ("Lister"), asserting that he has been misjoined under Fed. R. Crim. P. 8(b), or,

---

[1]On November 21, 2014, eight of the ten defendants filed an unopposed motion for continuance of trial. Any deadline included in this memorandum opinion and order that is set for a specific date is based on the current trial setting of February 2, 2015. If the continuance motion is granted, the court will reset any specific date based on the new trial setting. If the court denies the continuance motion, any such specific date will continue to apply.

alternatively, that he has been prejudicially joined under Rule 14. Burke alleges that severance is required because (1) the allegations against Lister are separate and distinct from the conspiracy alleged in count 1 and have no relevance or association with Burke, and the facts alleged against Lister are insufficient because they do not arise from the same alleged acts or transaction, or are connected with or constitute part of a common scheme or plan; and (2) even if the court rules that the joinder of Lister and his alleged conduct is proper under Rule 8, the court should find that a joint trial of Lister with Burke will result in compelling prejudice against Burke because of the spillover effect of evidence offered against Lister.

B

The oft-cited general rule in this circuit is that defendants who are indicted together should be tried together. *See, e.g., United States v. Lopez*, 979 F.2d 1024, 1035 (5th Cir. 1992) (citing *United States v. Arzola-Amaya*, 867 F.2d 1504, 1516 (5th Cir. 1989)). "Joinder is the rule rather than the exception[.]" *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998). In particular, defendants charged with conspiracy should be tried together. *See United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993); *see also United States v. Featherston*, 949 F.2d 770, 773 (5th Cir. 1991) ("This rule is especially strong when the defendants are charged with committing the same conspiracy."). "A district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt." *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (internal quotation marks omitted)). A defendant must

demonstrate that he will receive an unfair trial and suffer compelling prejudice against which the court will be unable to afford protection. *See United States v. Piaget*, 915 F.2d 138, 142 (5th Cir. 1990).

To decide Burke's motion for a severance, the court must balance the potential prejudice to him against the public interest in joint trials. *See United States v. Oliver*, 2008 WL 2511751, at *1 (N.D. Tex. June 23, 2008) (Fitzwater, C.J.) (citing *United States v. Berkowitz*, 662 F.2d 1127, 1132 (5th Cir. Unit B Dec. 1981)). To obtain a trial severance, Burke must do more than show some prejudice; he must demonstrate that he will receive an unfair trial and suffer specific and compelling prejudice against which the court cannot protect him. *See United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir. 2007).

C

1

Burke seeks relief from misjoinder under Rule 8, contending that the allegations against Lister are separate and distinct from the conspiracy alleged in count one and have no relevance or association with Burke, and the facts alleged against Lister are insufficient because they do not arise from the same alleged acts or transaction, or are connected with or constitute part of a common scheme or plan. Rule 8(b) governs joinder of multiple defendants. *See United States v. Toro*, 840 F.2d 1221, 1238 (5th Cir. 1988). Rule 8(b) provides:

> The indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 8(b).

Whether joinder is proper is normally determined from the allegations in the indictment. *See United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994). In determining whether joinder is proper under Rule 8, the court looks to the allegations in the indictment, which, absent any suggestion of prosecutorial misconduct, are accepted as true. *See United States v. McRae*, 702 F.3d 806, 820 (5th Cir. 2012); *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988). Proper joinder requires that the offenses charged "must be shown to be part of a single plan or scheme," and that "[p]roof of a common scheme is typically supplied by an overarching conspiracy from which stems each of the substantive counts." *United States v. Lane*, 735 F.2d 799, 805 (5th Cir. 1984), *rev'd on other grounds*, 474 U.S. 438 (1986). "'To determine whether an indictment charges separate conspiracies or a single conspiracy, we consider whether the alleged facts reveal a substantial identity of facts or participants. A single conspiracy can be found when the indictment adequately shows a singular conspiratorial objective[.]'" *United States v. Moser*, 123 F.3d 813, 827 (5th Cir. 1997) (quoting *United States v. Lindell*, 881 F.2d 1313, 1318 (5th Cir. 1989)). "Simply because the indictment does not charge each defendant 'with active participation in each phase of the conspiracy does not constitute misjoinder.'" *Id.* (quoting *Lindell*, 881 F.2d at

1318).

2

In count one of the indictment, Burke, Lister, and eight other defendants are charged with the offense of conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. § 1349. The indictment charges that "[t]he purpose of the joint scheme and artifice to defraud was to make unsolicited interstate telephone calls to owners of resort timeshare properties and induce them into paying fees associated with the bogus sale of their property," Indictment at 5; that it was part of this joint scheme and artifice to defraud that Burke, other defendants, and/or unindicted coconspirators incorporated companies to be used in the operation of the alleged scheme, opened bank accounts for receiving funds derived from the scheme, and leased office space for use in the scheme; that, in furtherance of the joint scheme and artifice to defraud, and in order to effect its objects, Lister incorporated a company, opened a checking account for receiving funds derived from the scheme, and acquired a private mailbox; and that Lister and Burke were both participants in a single conspiracy to defraud, in order to obtain money and property by means of false and fraudulent pretenses, representations, and promises, inducing owners of timeshare properties to pay fees associated with the bogus sale of their properties. Accepting as true the allegations of the indictment, the court holds that the requirements of Rule 8(b) are satisfied. *See, e.g., United States v. Lane*, 474 U.S. 438, 447 (1986) ("The indictment also charged all the defendants with one overall count of conspiracy, making joinder under Rule 8 proper."); *United States v. Morrow*, 177 F.3d 272, 290 (5th Cir. 1999) (holding that joinder in single

indictment was proper where each count charged in indictment stemmed from common conspiracy to defraud bank institutions); *United States v. Rocha*, 916 F.2d 219, 228 (5th Cir. 1990) ("Because the indictment alleged that each of the defendants participated in the same conspiracy, the requirements of Rule 8 have been satisfied and joinder was proper.").

Burke maintains that the fact that count one of the indictment only alleges that Lister participated in three overt acts, and that there are no specific allegations of conduct between Lister and Burke, supports the conclusion that he and Lister are misjoined. But as already discussed, Rule 8(b) does not require that each defendant actively participate in the same acts, so long as the acts charged are all in furtherance of the same conspiratorial objective. *See Moser*, 123 F.3d at 827. "To be convicted of engaging in a criminal conspiracy, an individual 'need not know all the details of the unlawful enterprise or know the exact number or identity of all the co-conspirators, so long as he knowingly participates in some fashion in the larger objectives of the conspiracy.'" *United States v. Brown*, 553 F.3d 768, 781 (5th Cir. 2008) (quoting *United States v. Garcia Abrego*, 141 F.3d 142, 155 (5th Cir. 1998)). The indictment charges that Burke and Lister were both members of the same conspiracy and committed acts in furtherance of that single conspiracy to defraud owners of timeshare properties.

Even if the court assumes *arguendo* that the evidence at trial will demonstrate not one conspiracy, but two—one between Fleifel and Lister, and another among Fleifel, Burke, and their other defendants—"[j]oinder of defendants is proper under Rule 8 where the record, examined broadly, presents two conspiracies substantially interrelated by their facts and

participants." *United States v. Morris*, 176 F.Supp.2d 668, 674 (N.D. Tex. 2001) (Kendall, J.) (citing *Toro*, 840 F.2d at 1238). Burke acknowledges that discovery in the case "appear[s] to show a connection between Lister and Co-Defendant Fabian Fleifel [("Fleifel")]," Mot. for Relief from Misjoinder at 3, and the indictment alleges a connection between Fleifel and Burke, *see* Indictment at 14-15. Thus the indictment alleges a sufficient interrelation of facts and participants to support joinder under Rule 8(b), regardless whether the alleged scheme consists of one overarching conspiracy or two interrelated conspiracies.

Accordingly, the court holds that Burke and Lister are properly joined under Rule 8(b), and it denies Burke's motion for relief from misjoinder.

D

Alternatively, Burke moves for relief from prejudicial joinder under Rule 14. He contends that a severance is warranted on the basis that a joint trial with Lister will result in compelling prejudice to him. Burke maintains that the spillover effect of the evidence presented at trial will irreparably harm him because it will effectively preclude the jury from making the required individualized assessment of guilt. He argues that the jury will likely use evidence of one crime to find guilt on all crimes when it would not have found guilt if the crimes were considered separately.

As the court has already explained, the rule in this circuit is that defendants who are indicted together should be tried together. *See, e.g., Lopez*, 979 F.2d at 1035.

> In order to obtain severance under Rule 14, the [defendant has] the difficult burden of proving that [he] will suffer the most compelling prejudice from continued joinder. . . . The test for such prejudice is [w]hether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct.

*United States v. Zicree*, 605 F.2d 1381, 1388-89 (5th Cir. 1979) (quoting *United States v. Wasson*, 568 F.2d 1214, 1222 (5th Cir. 1978)). Even when the evidence in a case is "both massive and complex," the court can "explicitly instruct[] the jury to consider each offense separately and each defendant individually." *United States v. Whitfield*, 590 F.3d 325, 356 (5th Cir. 2009) (quoting *United States v. Manzella*, 782 F.2d 533, 540 (5th Cir. 1986) (internal quotation marks omitted)). "Limiting instructions such as these are generally 'sufficient to prevent the threat of prejudice resulting from unsevered trials.'" *Id.* (quoting *United States v. Massey*, 827 F.2d 995, 1005 (5th Cir. 1987)).

Moreover, "prejudice that may result from the introduction of evidence at trial relating to co-conspirators that is irrelevant to a particular defendant . . . does not require severance[.]" *United States v. Potashnik*, 2008 WL 5272807, at *8 (N.D. Tex. Dec. 17, 2008) (Lynn, J.) (citing *United States v. Krenning*, 93 F.3d 1257, 1267 (5th Cir. 1996)). "Similarly, a quantitative disparity in the *amount* of evidence offered against one defendant in relation to other co-defendants is also normally insufficient to warrant severance under Rule 14[.]" *Id.* (citing *Pofahl*, 990 F.2d at 1482). Even if more damaging evidence is presented against one defendant than another, severance is not the proper means of confining

"spillover" evidence. "The pernicious effect of cumulation is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the government." *United States v. Harrelson*, 754 F.2d 1153, 1175 (5th Cir. 1985) (quoting *United States v. Morrow*, 537 F.2d 120, 136 (5th Cir. 1976) (alterations omitted)); *see also Piaget*, 915 F.2d at 142. The decision to grant a severance under Rule 14 on the ground that the joinder of the defendants prejudices one defendant lies within the district court's discretion. *Neal*, 27 F.3d at 1045.

Burke has not demonstrated that the court should vary from the normal rule that defendants charged with the same conspiracy should be tried together. He has not carried his "difficult burden of proving that [he] will suffer the most compelling prejudice from continued joinder[.]" *Zicree*, 605 F.2d at 1388-89. Burke's argument that a joint trial will lead the jury to convict him based on the spillover effect of evidence offered against Lister fails to address adequately the fact that the court can instruct the jury that it is to consider separately the evidence offered against each defendant. *See, e.g., Berkowitz*, 662 F.2d at 1135. If the jury can keep separate the evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, a severance should not be granted. *See Rocha*, 916 F.2d at 228-29. Burke has not demonstrated that, under all the circumstances of this particular case, the jury cannot, as a practical matter, follow the court's admonitory instructions and collate and appraise the independent evidence against Burke. Because Burke has failed to demonstrate that the jury will not be able to compartmentalize the evidence against the various defendants or to apply that evidence in

accordance with the jury charge—in which the court anticipates that the jury will be instructed to consider only the evidence offered against the defendant in question—he has failed to demonstrate that the court should grant a severance.

Accordingly, Burke's alternative motion for relief from prejudicial joinder under Rule 14 is also denied.

II

*Motion for Pretrial Disclosure of Rule 404(b) Evidence*

Burke moves the court to require the government to disclose any evidence that it intends to offer at trial under Fed. R. Evid. 404(b). He seeks five categories of disclosures, including a statement of the purpose for which such evidence is offered.

The government responds that it will comply with Burke's disclosure request to the extent required by Rule 404(b)—that is, that it will provide a statement of the general nature of the evidence and the purpose for which it is being offered—and it states that it will do so at the time pretrial material is due under the court's scheduling order, i.e., 14 days prior to trial. The government opposes the motion to the extent Burke's request exceeds the scope of Rule 404(b).

To the extent the government has agreed to comply with its obligations under Rule 404(b), Burke's motion is denied as moot. To the extent Burke's request exceeds what Rule 404(b) requires, the motion is denied. The government must provide the notice required by Rule 404(b) no later than 14 days before the date the trial commences (i.e., Tuesday, January 20, 2015, because 14 days before February 2, 2015 is a federal holiday).

Except to the extent the court is granting Burke's motion for disclosure of Rule 404(b) evidence and its purpose, the motion is denied.

III

*Motion for Evidence Favorable to the Defendant*

Burke moves the court to order the government to disclose any evidence that is exculpatory or favorable to him and that could lead to evidence that is exculpatory or favorable. He identifies 15 particular categories that he maintains would be exculpatory. Burke also requests that the government's attorney be ordered to examine her files and to question government agents, informants, or other persons working with the government in this case regarding their knowledge of any such evidence or materials. He also requests that he be allowed to question the government's attorney and the government's agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

In response, the government states that it will comply fully with its obligations under Rule 12(b)(4), 16, and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. The government objects to the motion to the extent that Burke's requests exceed the scope of any disclosures required by law, or place a greater burden on the government than the law provides.

To the extent Burke requests discovery that the government is required, or has offered, to disclose under Rules 12(b)(4), 16, and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady* and its progeny, and/or *Giglio* and its progeny, the motion is denied as moot. The government

will be expected to comply with its obligations under *Brady*, *Giglio*, and the Jencks Act, and these rules. To the extent Burke's requests exceed what is required by these authorities, the motion is denied. The government need not produce Jencks Act materials or statements discoverable under Rule 26.2 until the deadline specified *infra* at § VII.

IV

*Motion for Early Designation of Government's Expert Witnesses*

Burke moves the court to require the government to designate no later than January 5, 2015 whom, or at least what category of expert witness, the government intends to call in its case-in-chief, the credentials of such expert witness, any documentation that the expert has reviewed to give his opinion, and a general summary of the testimony sought from the expert. The government responds that it does not oppose Burke's motion. It agrees to designate its experts, if any, by January 5, 2015. It also requests that the court order Burke to designate his experts by January 12, 2015.

Because the government does not oppose Burke's motion, the court denies the motion as moot, on the assumption that the government will comply with its Rule 16(a)(1)(G) expert obligations no later than January 5, 2015.

The court grants the government's request that Burke be ordered to designate his experts, except that the court sets January 20, 2015 as the deadline for him to make any such designation.

V

*Motion for Disclosure of Plea Bargain Agreements*

Burke moves the court to require the government to disclose plea agreements, and/or drafts thereof, between the government and any person who will be a witness for the government. He also requests related information regarding witnesses who have reached other understandings with the government in exchange for their testimony. Burke specifically requests that the government be required to produce contemporaneous notes made by case agents during proffer sessions or notes or reports of interviews of cooperating witnesses.

The government responds that it will comply with Burke's requests by producing all plea agreement documents and any documents reflecting promises made to testifying witnesses. It also identifies two other cases in which coconspirators charged in the instant case are also charged. The government opposes the motion to the extent Burke seeks disclosure beyond that to which he is legally entitled by law or places a greater burden on the government than the law provides. It states that it will comply with its obligations under *Giglio* and its progeny, and all court orders.

To the extent the government has agreed to comply with its obligations under *Brady* and *Giglio*, the court denies the motion as moot. To the extent Burke's motion exceeds the government's obligations under *Brady* and *Giglio*, the motion is denied.

Regarding Burke's requests for contemporaneous notes made by agents during proffer sessions or notes or reports of interviews of cooperating witnesses, the court orders the

government to disclose any agent notes to the extent required to do so by *Brady* or *Giglio*. Additionally, the government must disclose any material that qualifies as a "statement" under the Jencks Act or Rule 26.2(f). To the extent Burke's motion seeks more than that to which the government has agreed, or that exceeds the government's obligations under *Brady* or *Giglio*, the Jencks Act, or Rule 26.2, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § VII.

VI

*Motion for Hearing on Admissibility of Statements
Made by Unavailable Witnesses or Alleged Coconspirators*

Burke moves for a pretrial hearing to determine the admissibility of any statements made by unavailable witnesses or alleged coconspirators. Although he refers generally to unavailable witnesses, he focuses in his motion on evidence that he maintains the government intends to offer under Fed. R. Evid. 801(d)(2)(E), the coconspirator exception to the hearsay rule. Burke requests that the court order that a pretrial hearing[2] be conducted to determine that such evidence is admissible before it is introduced at trial.

The government responds that a separate hearing is not mandatory under *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc); that the court retains the discretion to decide whether to conduct such a hearing; and that the court is authorized to, and should,

---

[2]This type of hearing is referred to as a *James* hearing. *See United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc).

carry its ruling on the existence of a conspiracy, the identities of the members of the conspiracy, and the admissibility of coconspirator statements against certain defendants, subject to the government's later connection in its case-in-chief.

In *James* the Fifth Circuit held that coconspirator statements are admissible as non-hearsay under Rule 801(d)(2)(E) only if substantial independent evidence of a conspiracy exists. *James*, 590 F.2d at 581. But "[a] *James* hearing, conducted outside the presence of the jury, is *one potential method* by which the district court may ensure [that] the Government can satisfy the predicate facts needed to prove the conspiracy independent of the statements." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (emphasis added). Deciding "[w]hether a *James* hearing is necessary in a particular case [is] within the discretion of the trial court." *Id.* "*James* has *never required* a hearing outside the presence of the jury." *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992) (emphasis added). In this case, the court concludes that convening such a hearing would be burdensome and effectively result in a mini-trial of potentially considerable length, given that one of Burke's requests is that the government be required to prove at the hearing the existence of a conspiracy and of Burke's participation in it at the time the statement was allegedly made. Presumably, Burke would insist that the government make this showing through the witnesses whom the government intends to call to testify at trial. The government is not obligated in a conspiracy case involving Rule 801(d)(2)(E) evidence to participate in a form of elaborate pretrial discovery conducted under the guise of requiring that it satisfy the predicate facts needed to prove the admissibility of coconspirator statements. Accordingly,

- 15 -

the court denies the motion.

The court recognizes that, during the trial, it must "whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it [pursuant to Rule 801(d)(2)(E)] before admitting declarations of a coconspirator." *Fragoso*, 978 F.2d at 900. In complying with Rule 801(d)(2)(E), the court must determine whether there is sufficient "'evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy.'" *Id.* (quoting *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (internal quotation marks omitted)). The court will adhere to these requirements in trying this case.

## VII

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than December 29, 2014 with its disclosure and discovery obligations imposed by this memorandum opinion and order and by the government's agreement to produce what Burke has requested. Concerning material that qualifies as a "statement" under the Jencks Act or Rule 26.2(f), in accordance with the custom in this district, the government must comply with the Jencks Act and Rule 26.2(a) no later than the

business day preceding the date on which Burke will begin his cross-examination of the witness whose statement is being produced.

**SO ORDERED**.

November 24, 2014.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE