IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:12-CR-318-D |
| VS. § | |
| § | |
| EDMOND CHARLES BURKE, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

The government has filed a second motion for reciprocal discovery. Two of the four defendants to whom the motion is directed oppose the motion, and they include in their response a request for discovery-related relief. For the reasons that follow, the court grants the government's motion, and it permits the government to file a reply in response to defendants' assertions that the government has not complied with certain of its discovery obligations.

I

The government moves for reciprocal discovery under Fed. R. Crim. P. 16(b)(1)(A) and (b)(1)(B), requesting that the court order defendants Edmond Charles Burke ("Burke"), Kari Lynn Cash ("Cash"), Fabian C. Fleifel ("Fleifel"), and Amanda Nadine Rizkallah ("Rizkallah") to produce this discovery: (a) any document that each defendant intends to use in the defendant's case-in-chief; (b) any digital evidence that each defendant intends to use in the defendant's case-in-chief; and (c) any results or reports of physical or mental

examinations and of scientific tests or experiments made in connection with the case. The government requests that defendants provide this discovery no later than 30 days before trial, and that, if the discovery is not produced by this deadline, the court preclude the defendant in question from introducing and using at trial any evidence not produced in response to the government's motion for reciprocal discovery.

Cash and Fleifel—the two defendants who have responded to the government's motion (Burke and Rizkallah have not)—oppose the motion on the ground that the government has not complied with its disclosure obligations. They maintain that, when the court denied their request to order the government to make disclosures concerning expert witnesses, it did so on the assumption that the government would comply with its obligations under Rule 16(a)(1)(G); that the government has since given notice of "probable" expert witnesses but has not provided a written summary of any testimony that it intends to use under Fed. R. Evid. 702, 703, or 705 during its case-in-chief; and that the government has not been clear regarding whether the list it has provided includes the witnesses it intends to call to testify. Cash and Fleifel posit that they do not have a curriculum vitae of any government expert witness; do not have any expert witness' scientific, technical, or other specialized knowledge that would help the trier of fact to understand the evidence or to determine a fact in issue, a general summary of the testimony sought, or any documentation that the expert witness reviewed to give an opinion; and cannot rely on the list the government provided, or provide reciprocal discovery, because they do not know how to respond. They assert that, because they do not know which expert witnesses the government

intends to call to testify, they likewise do not know which of their rebuttal experts they should call, making it impossible to comply with reciprocal discovery 30 days before trial.

Cash and Fleifel also contend that the government has failed to produce discovery that they previously requested and that the court ordered produced. They cite as an example that, in the government's present motion, it represents that it is redacting questionnaires and documents received from victims, and that it will produce the documents as soon as possible. Cash and Fleifel maintain that, in a March 6, 2014 letter, the government responded to a defense request to produce certain discovery by representing that the government was working to redact the responses to certain victim questionnaires and hoped to have this accomplished during the month of March 2014; that, although more than one year has elapsed, this discovery still has not been produced; and that it is impossible for defendants to comply with reciprocal discovery within 30 days of trial when the government has not produced discovery that has been in its possession for over one year and that it intends to use at trial. They therefore contend that, except for Jencks Act and Rule 26.2(a) materials (which they acknowledge need not yet be disclosed), the government has not complied with the court's order regarding disclosure and discovery obligations. They ask that the court order the government to disclose within 10 days the names of each expert witness that it intends to use in its case-in-chief, the credentials of each expert witness, the underlying material that the expert witness is going to rely upon to give opinions, and a general summary of the expert witness' testimony. And they request that the court order the government to produce all evidence previously requested by defendants and ordered produced.

II

A

To the extent that Cash and Fleifel oppose the government's motion based on its failure to make disclosures concerning expert witnesses, that reliance is misplaced. The government is seeking reciprocal discovery under Rule 16(b)(1)(A) and (b)(1)(B). Rule 16(b)(1)(A) provides that the government is entitled to reciprocal discovery if a defendant requests disclosure under Rule 16(a)(1)(E), and the government complies. Rule 16(b)(1)(B) provides that the government is entitled to reciprocal discovery if the defendant requests disclosure under Rule 16(a)(1)(F), and the government complies. Although disclosures made under Rule 16(a)(1)(E) or Rule 16(a)(1)(F) *can* involve expert testimony, such disclosures do not necessarily involve expert witnesses or testimony. It is therefore insufficient for a defendant opposing reciprocal discovery requested under Rule 16(b)(1)(A) and (b)(1)(B) to point to the government's alleged noncompliance with its expert witness obligations, such as those found in Rule 16(a)(1)(G). *Cf.* 2 Charles Alan Wright and Peter J. Henning, *Federal Practice and Procedure* § 259, at 181 (2009) ("If defendant has requested and obtained any discovery whatever under either subdivision (E) or (F) of Rule 16(a)(1), this is enough to trigger a reciprocal right in the prosecution and the defendant is required to make available, on request by the government, any materials of the kinds described in subdivisions (A) and (B) of rule 16(b)(1)."). The defendant must demonstrate that the government has not complied with the discovery obligations imposed on it by Rule 16(a)(1)(E) or Rule 16(a)(1)(F), as applicable.

B

Cash and Fleifel are permitted to rely, however, on the government's alleged failure to produce discovery within the scope of Rule 16(a)(1)(E) when opposing the government's request for reciprocal discovery under Rule 16(b)(1)(A). Even so, their contention that the government has still not produced questionnaires and documents received from victims—even though cited as an "example" of the government's failure to provide discovery that defendants have requested and the court has ordered produced—is insufficient to justify denying the government's motion.

When Rule 16(b)(1)(A) and 16(b)(1)(B)—the provisions at issue here—condition the government's entitlement to reciprocal discovery on its compliance with a defendant's corresponding discovery requests, compliance in this context means *substantial* compliance, not *total* compliance that is completely faultless. *See United States v. Swenson*, 298 F.R.D. 474, 475 (D. Idaho 2014) (concluding that where defendants requested discovery under Rule 16(a)(1)(E) and government substantially complied with request, any documents or materials that defendants sought to introduce other than for impeachment purposes would be excluded absent compliance with court's pretrial order) & 477 (rejecting defendants' contention that their reciprocal discovery obligations had not yet been triggered due to government's continued pretrial disclosures of discovery materials, and finding that "Defendants' interpretation of Rule 16 [was] contrary to the spirit and intent of the Rule" in that government had "substantially complied with its obligations under Rule 16").

Because Cash and Fleifel have not made even a preliminary showing that the

government has not *substantially* complied with its discovery obligations under Rule 16(a)(1)(E), the court declines to deny the government's motion for reciprocal discovery on this basis.

C

Accordingly, the government's second motion for reciprocal discovery is granted. No later than 30 days before trial, defendants Burke, Cash, Fleifel, and Rizkallah must produce the discovery that the government requests in its motion. If the defendant in question does not, that defendant is precluded from introducing and using at trial any evidence not produced in response to the government's motion for reciprocal discovery.

III

As noted, in their opposition response to the government's motion, Cash and Fleifel maintain that the government has failed to comply with certain of its disclosure and discovery obligations. They request that the court order the government to disclose within 10 days the names of each expert witness it intends to use in its case-in-chief, the credentials of such expert witness, the underlying material that the expert witness is going to rely upon to give opinions, and a general summary of the expert witness' testimony, and they move the court to order the government to produce all evidence previously requested by defendants and ordered produced. Because they have included these requests in a response to a government motion, and the government is not entitled as of right to file a reply brief, *see* N.D. Tex. Crim. R. 47.1(f), the court concludes that the government should be permitted to respond. Accordingly, the court grants the government leave to file a response no later than

14 days after this memorandum opinion and order is filed.

* * *

The government's April 13, 2015 second motion for reciprocal discovery is granted. The court also grants the government leave to file a response to the requests of Cash and Fleifel set out in their opposition response to the government's motion.

**SO ORDERED**.

April 29, 2015.

                                      _____
                                        SIDNEY A. FITZWATER
                                        UNITED STATES DISTRICT JUDGE